UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KERA E. HILL and RIHANNA
M. TURNER,

    Plaintiffs,

                              Case No. 15-11378

v.

                              Hon. John Corbett O'Meara

CITY OF HIGHLAND PARK, *et al.,*

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SANCTIONS AND DISMISSING COMPLAINT
## <u>FOR FAILURE TO PROSECUTE</u>

    Before the court is Defendant Ronald Dupuis's motion for sanctions, filed February 17, 2016. After Plaintiffs failed to file a response, the court issued an order to show cause why this case should not be dismissed as a result of Plaintiffs' failure to cooperate in discovery or prosecute this action. Plaintiffs submitted a response to the order to show cause on March 18, 2016. Defendant filed a reply brief on March 23, 2016.

    Defendant contends that he has diligently pursued discovery in this matter, beginning with the service of interrogatories and document requests on May 19, 2015. Plaintiffs did not respond to Defendant's discovery requests. Defendant

also scheduled Plaintiffs' depositions in July, September, October, and December 2015. Each time, the depositions were cancelled because Plaintiffs were unavailable.

On December 22, 2015, Plaintiffs' counsel, Robert Morris filed a motion to withdraw. The court granted the motion in January 8, 2016, and allowed Plaintiffs 30 days to obtain a new attorney. Plaintiffs did not obtain new counsel within 30 days or at any time thereafter.

Defendant filed a motion for sanctions on February 17, 2016, arguing that this action should be dismissed as a result of Plaintiffs' failure to cooperate in discovery, obtain an attorney, or otherwise prosecute this case. The court issued a notice that Plaintiffs' response was due March 7, 2016. When Plaintiffs failed to file a timely response, the court issued an order to show cause, warning that it was considering dismissing the action with prejudice.

Plaintiff Kera Hill submitted response to the order to show cause on March 18, 2016, stating that "due to the misguidance of our former counsel . . . we were never made aware of those dates that we missed." However, Plaintiffs attached an email from their attorney dated November 26, 2015, indicating that "I have to get responses to these interrogatories to the defense attorney by mid next week or they will file a motion to throw the case out." Despite this warning from their counsel,

Plaintiffs have done nothing whatsoever to answer Defendant's discovery requests or otherwise cooperate with discovery. In addition, in the five months since their attorney was permitted to withdraw, Plaintiffs have taken no steps to prosecute this matter on their own behalf or to obtain new counsel.

Pursuant to Federal Rule of Civil Procedure 41 and Local Rule 41.2, the court may dismiss an action for failure to prosecute. In determining whether to dismiss for failure to prosecute, the court considers the following factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001) "While none of these factors is dispositive, a case may be dismissed by a district court where there is a clear record of delay or contumacious conduct on the part of the plaintiff." Id. at 591.

Here, Plaintiffs have demonstrated a "reckless disregard of the effect of [their] conduct" on these proceedings, satisfying the first factor. See id. Plaintiffs have made no effort to participate in discovery or otherwise prosecute this case. It is clear from the record that fault lies with Plaintiffs themselves, who were

informed by their former counsel in November 2015 that they needed to answer Defendant's discovery requests or Defendant would "file a motion to throw the case out." Plaintiffs have been given ample time to either prosecute this action themselves or to obtain counsel. They have done neither.

Regarding the second factor, Defendant has been prejudiced by Plaintiff's conduct, in that he has wasted "time, money, and effort in pursuit of cooperation which [Plaintiffs were] legally obligated to provide." Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997).

As for the third factor, Plaintiffs were on notice that the court was contemplating dismissal, given Defendant's motion (to which Plaintiffs failed to respond) and the court's show cause order.

As for the fourth factor, the court has considered less drastic sanctions than dismissal, such as monetary sanctions. In light of Plaintiffs' clear pattern of delay and virtual abandonment of this case, however, it does not appear to the court that less drastic sanctions would serve to protect the integrity of the judicial process. See Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991) ("Although this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay.").

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for sanction is GRANTED and this action is DISMISSED WITH PREJUDICE.

                          s/John Corbett O'Meara
                          United States District Judge

Date: June 1, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 1, 2016, using the ECF system and/or ordinary mail.

                          s/William Barkholz
                          Case Manager